**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DARRYL FLUKER,

        Plaintiff,

vs.                                                    Case No. 3:06-cv-119-J-32JRK

ALLIED AUTOMOTIVE GROUP,

        Defendant.
_____

RODNEY GRANT,

        Plaintiff,

vs.                                                    Case No. 3:06-cv-434-J-32HTS

ALLIED AUTOMOTIVE GROUP,

        Defendant.
_____

WILLIAM MILLER,

        Plaintiff,

vs.                                                    Case No. 3:06-cv-1105-J-32TEM

ALLIED AUTOMOTIVE GROUP,

        Defendant.
_____

CLAYTON L. BROWN,

        Plaintiff,

vs.                                                    Case No. 3:07-cv-831-J-32JRK

ALLIED AUTOMOTIVE GROUP,

        Defendant.
_____

## **ORDER**[1]

These cases are before the Court on pending motions and for scheduling. Following a December 13, 2007 telephone preliminary pretrial conference in the Fluker and Grant cases, Judge Moore transferred the Miller and Brown cases to me with my consent. I have now reviewed the motions in those cases, and find they are both due to be denied. First, the motion for enlargement of time to file a motion for class certification in Miller (Doc. 21 in 3:06-cv-1105) is untimely and futile, as the complaint (which plaintiff never sought leave to amend) is not amenable to class treatment. Second, the motion for class certification in Brown (Doc. 9 in 3:07-cv-831) is due to be denied because, in addition to failing to comply with the class requirements of this Court's Local Rules, the allegations of plaintiff's complaint and motion are insufficient to carry his burden of showing the propriety of class treatment under Fed.R.Civ.P.Rule 23.[2]

Notwithstanding that the Court has determined these cases are not susceptible to

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] For example, plaintiff's complaint alleges that he was one of 42 African-American employees at Allied's Jacksonville plant and that he was the only African-American owner operator in Florida; however, in his motion for class certification, plaintiff claims there are 42 prospective class members- - presumably the same 42 African-American employees at the Jacksonville plant, 41 of whom apparently have a different position than Miller's owner-operator status. Moreover, at the pretrial conference in Fluker and Grant, plaintiff's counsel stated that the proposed classes in Fluker, Miller and Brown did not overlap, yet Fluker's motion alleged there were 30 prospective members of his class (out of the same 42 African-American employees alleged in Fluker's complaint to be employed at the Jacksonville plant), leaving only 12 possible African-American employees to be a member of one of the other classes- - a number likely far too low to warrant class treatment.

class treatment, they do share certain common features which may counsel toward some degree of consolidation.  Accordingly, the parties are directed to confer for the purposes of determining which, if any, pretrial and/or trial procedures should be consolidated, following which they shall file (no later than **February 1, 2008**) a proposed schedule(s) to bring these cases to trial (noting any areas of disagreement).  A blank Case Management Report form is attached for the parties' use.  The parties' proposal need only be filed in the Fluker case, 3:06-cv-119.  Following review of the parties' proposal, the Court will determine the extent to which any or all of these cases should be treated on a consolidated basis.  In the meantime, the Case Management and Scheduling Order entered by Judge Moore in the Miller case (Doc. 20 in 3:06-cv-1105), which set that case for trial on his calendar, is **VACATED**.

      **DONE AND ORDERED** at Jacksonville, Florida this 14th day of January, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies (w/CMR form attached):

counsel of record

3